IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TED ERUM, JR., | ) | CIVIL NO. 08-00113 SOM-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF KAUAI, KOLOA MARKETPLACE, LLC, EARTHWORKS PACIFIC, INC., AND DOES 1-20, | ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DISMISSING COMPLAINT

This case is before the court on a motion for temporary restraining order and concerns two parcels of land in the town of Koloa located on the island of Kauai ("Koloa parcels"). Plaintiff Ted Erum, Jr., proceeding pro se, moves for an ex parte restraining order that temporarily enjoins Defendants County of Kauai ("County"), Koloa Marketplace, LLC ("Koloa Marketplace"), Earthworks Pacific, Inc. ("Earthworks"), and Does 1-20 (collectively, "Defendants") from cutting, removing, or destroying monkeypod trees on the Koloa parcels, and from grading, grubbing, excavating, and/or removing soil at the floodway area of the Koloa parcels.

According to Erum, Koloa Marketplace is a Delaware limited liability company that proposes to develop a shopping and office center on the Koloa parcels. Complaint for Declaratory and Injunctive Relief (Mar. 5, 2008) ("Complaint") ¶¶ 3, 8.  Erum

alleges that Koloa Marketplace acquired permits from the County to remove monkeypod trees and alter the floodway area of the Koloa parcels for its planned development.  Id. ¶ 16.  On February 14, 2008, Erum filed a complaint in state court seeking an injunction against the trust owner and trustee from "damaging, removing or destroying" of the monkeypod trees.  Id. ¶ 22.

On March 4, 2008, Earthworks, a Hawaii corporation that grades soil and grubs trees, allegedly cut down three monkeypod trees on the Koloa parcels under the direction of Koloa Marketplace.  Id. ¶¶ 4, 23.

Erum filed this lawsuit and his motion for a temporary restraining order on March 5, 2008, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Erum alleges that the amount in controversy exceeds $75,000.  Id. ¶ 6.

Before the court may rule on Erum's temporary restraining order motion, the court must assure itself that this case falls within its jurisdiction.  Diversity jurisdiction requires complete diversity of citizenship, C.T. Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990), meaning that "no defendant can have the same citizenship as any plaintiff."  Sports Shinko Co., Ltd. v. QK Hotel, LLC, 486 F. Supp. 2d 1168, 1172 (D. Haw. 2007) (citing Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001)).  According to Erum, Defendants County and Earthworks share the same citizenship

as Erum.  Complete diversity is absent in this case.  Nor does Erum's Complaint suggest any basis for federal question jurisdiction.  The court therefore dismisses Erum's Complaint for lack of jurisdiction.

In a case in which a pro se plaintiff has paid the filing fee for commencing an action, this court would not ordinarily dismiss a complaint without giving the plaintiff an opportunity to demonstrate that federal jurisdiction exists.  Thus, this court, if it questioned subject matter jurisdiction even in the absence of a defendant's motion to dismiss, would ordinarily issue an order to show cause, directing the plaintiff to file papers demonstrating jurisdiction and setting a hearing on the matter.  However, in seeking a temporary restraining order, Erum asks this court to issue immediate relief.  To avoid rendering the relief moot through judicial delay, this court quickly assesses its jurisdiction.  See Fiedler v. Clark, 714 F.2d 77, 78-79 (9th Cir. 1983) ("[A] federal court may dismiss sua sponte if jurisdiction is lacking."); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999) ("[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing.").

Erum's Compalint is dismissed.  Erum may, if he can, file an amended complaint properly alleging this court's subject matter jurisdiction on or before March 17, 2008.  If Erum amends his complaint, he may file another motion for a temporary restraining order.  If no amended complaint is filed by March 17, 2008, this action will be dismissed with prejudice.  See WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

Given the dismissal of the Complaint for lack of subject matter jurisdiction, the court does not address the merits of the temporary restraining order motion.  The Clerk of Court is directed to terminate that motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 6, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**Erum v. County of Kauai, et al.; Civil No. 08-00113 SOM/BMK; ORDER DISMISSING COMPLAINT**