IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TED ERUM, JR., ) | Civ. No. 08-00113 SOM-BMK |
| ) | |
| Plaintiff , ) | |
| ) | |
| vs. ) | ORDER GRANTING IN PART |
| ) | AND DENYING IN PART |
| COUNTY OF KAUAI; KOLOA ) | DEFENDANTS' MOTION FOR AN |
| MARKETPLACE LLC, a Delaware ) | AWARD OF ATTORNEY'S FEES |
| limited liability company; ) | AS SANCTIONS |
| EARTHWORKS PACIFIC, INC., a ) | |
| Hawaii corporation, and DOES 1-20, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR AN AWARD OF ATTORNEY'S FEES AS SANCTIONS

Now before the Court is a motion by defendants Koloa Markteplace, LLC ("KMP") and Earthworks Pacific, Inc. ("Earthworks") (collectively, "Defendants") to recover $18,133.22 in attorney's fees that they spent in dismissing the complaint of Plaintiff Theodorico Erum ("Erum"), filed on March 5, 2008. The Court construes this motion as a motion for sanctions, and finds it appropriate to issue a decision on this matter without further hearing. After

careful consideration of the motion, the supporting and opposing memoranda, and the history of this action, the Court hereby orders that Defendants' motion be GRANTED IN PART and DENIED IN PART. Under the inherent authority of the Court, Erum is sanctioned in the amount of Defendants' reasonable attorney's fees, or $13,231.97.

## RELEVANT LAW

Courts have the inherent power to sanction parties in the amount of the opposing party's attorney's fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . or has taken actions in the litigation for an improper purpose." Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001). While mere recklessness by itself is not sufficient for sanctions under the Court's inherent power, sanctions may be awarded where recklessness is "combined with an additional factor such as frivolousness, harassment, or an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain a tactical advantage in another case." Id. at 994.

Courts may also award sanctions under 28 U.S.C. § 1927, which provides that:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses,

and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927.  Section 1927 may not be used to sanction the filing of a frivolous or vexatious initial pleading, however, as an initial pleading cannot in itself multiply proceedings.  <u>In re Keegan Mgmt. Co.</u>, 78 F.3d 431, 435 (9th Cir. 1996).

## PROCEDURAL BACKGROUND

On September 27, 2007, after a year of litigation, the Court ordered the approval of a settlement agreement between KMP and the County of Kauai related to a parcel of land that KMP sought to develop.  The Court's order specified that KMP "shall be allowed to relocate, replace, and/or remove existing monkeypod or other trees consistent with its landscaping plan."  <u>See</u> Order, Civ. No. 06-00570 HG-BMK (Sep. 27, 2007).  Erum, a retired attorney living on Kauai, was not a party to that litigation.  Nonetheless, he sought to prevent KMP from cutting down the monkeypod trees referred to in the Court's September 27 order. On January 22, 2008, he petitioned the County Arborist Advisory Committee to have the monkeypod trees declared "exceptional" so they could not be cut down. This petition was denied, and Erum filed suit in state court on February 13, 2008.

On March 5, 2008, Erum filed a complaint before this Court, as well as an emergency motion for a temporary restraining order and a motion for a preliminary injunction.  The Court dismissed this complaint on March 6, 2008, for failure to state a claim, but Erum was given leave to amend his complaint.  He filed an amended complaint on March 13, 2008.  His motion for a temporary restraining order to prevent Defendants from cutting down the monkeypod trees was heard on March 20, 2008.  The Court then dismissed Erum's amended complaint, noting that

> [t]he history of this case, including statements made by Erum at the hearing on this motion, demonstrate that Erum . . . is merely attempting to manufacture federal question jurisdiction. . . . [H]is claims, while citing federal statutes, are immaterial, insubstantial, and frivolous, and made solely for the purpose of manufacturing federal question jurisdiction under 28 U.S.C. § 1331.

(Order Dismissing Amended Complaint, March 20, 2008, at 2.)

## DISCUSSION

Defendants request that sanctions be imposed on Erum in the amount of their attorney's fees, which amounted to $18,133.22.  Defendants first request fees pursuant to 28 U.S.C. § 1927.  As Erum points out, however, Defendants' argue that it is the action itself which was frivolous and in bad faith, not the subsequent proceedings.  It is not the multiplication of these proceedings at which

4

Defendants take umbrage, but rather their instigation.  Thus, 28 U.S.C. § 1927 cannot be the basis for sanctions under these circumstances.

The Court does find, however, that Erum's complaint, first amended complaint, and motion for a temporary restraining order were filed in bad faith.  As the Court previously noted, the claims asserted by Erum were "immaterial, insubstantial, and frivolous."  (Order Dismissing Amended Complaint, March 20, 2008, at 2.)  While the Court recognizes that frivolous arguments might not always be made in bad faith, or recklessly, the Court finds that they were in this particular instance.  Here, Erum's conduct was reckless at best, and was "coupled with an improper purpose," Fink, 239 F.3d at 994, namely, delaying the implementation of the Court's order of September 27, 2007.  Accordingly, the Court finds it appropriate to use its inherent power to sanction Erum in the amount of Defendants' reasonable attorney's fees.

Defendants request attorney's fees in the amount of $18,133.22.  Defendant admits, however, that "[n]o adjustments were made in the course of exercising 'billing judgment' and approving the time and charges."  (Defs.' Mem. Supp. Mot., Grimmer Aff., ¶ 7).  While the Court finds the hourly rates charged by Defendants' attorneys to be reasonable, it finds that an unreasonable number of hours were spent in this action.  The Court will deduct $4,901.25 related to tasks

that it deems excessive or duplicative of work done by other attorneys.[1] This leads to a total reasonable attorneys' fees amount of **$13,231.97.** Accordingly, Defendants' motion is hereby GRANTED IN PART and DENIED IN PART, and Erum is sanctioned Defendants' reasonable attorney's fees in the amount of $13,231.97.

## CONCLUSION

For the foregoing reasons, Defendants' motion is hereby GRANTED IN PART and DENIED IN PART.  Under the Court's inherent authority, Plaintiff Theodorico Erum is ordered to pay $13,231.97 in sanctions to Defendants Koloa Markteplace, LLC and Earthworks Pacific, Inc.

---

[1] 2.0 hours are deducted from Mr. Grimmer's 3/14/08 entry from an unreasonably long telephone call; 2.0 hours are deducted from Ms. Lewis's 3/17/08 entry for being duplicative of other services, and excessive; 0.4 hours are deducted from Ms. McAneely's 3/17/08 entry for being duplicative of other services; 7.6 hours are deducted from Ms. Lewis's entry of 3/18/08 for excessive time spent on researching, writing, and cite-checking; 3.1 hours are deducted from Ms. Lewis's 3/20/08 entry for duplicative work; the 1.4 hours of work performed by Mr. Grimmer, Ms. Lewis, and Ms. McAneely on 3/26/2008-3/28/2008 on Rule 11 sanctions issues is deducted since Rule 11 was not relied upon here; 2.0 hours are deducted from Ms. McAneely's 3/29/2008 entry for excessive research; 5.1 hours are deducted from various entries of Mr. Grimmer, Mr. Kobayashi, Ms. Lewis, and Ms. McAnelly for intra-office communication.  These total $4,705.50 in hourly reductions, multiplied by 4.16% excise tax, resulting in **$4,901.25** in total reductions.

Erum v. County of Kauai; Civ. No. 08-00113 SOM-BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEY'S FEES AS SANCTIONS.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 14, 2008

Erum v. County of Kauai; Civ. No. 08-00113 SOM-BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR AN AWARD OF ATTORNEY'S FEES AS SANCTIONS.